UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Erica BRASWELL,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 25-cv-0323-AGS-KSC<br><br>**ORDER GRANTING IFP MOTION (ECF 2) AND DISMISSING COMPLAINT** |

　　　Plaintiff moves to proceed without paying filing fees. If granted the right to proceed *in forma pauperis*, a plaintiff need not pay the usual $402 in court fees. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); 28 U.S.C. § 1914(a). Braswell's only asset is her car, her monthly income and cash hardly cover her monthly expenses, and she has an eight-year-old dependent. (*See generally* ECF 2.) She thus need not pay the filing fees. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("[A] party need not be completely destitute to proceed IFP.").

　　　Next, the Court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Braswell's only federal claims appear to be brought under 42 U.S.C. § 1983 against two municipal defendants: the "Police Department of San Diego" and the "City of San Diego." (ECF 1, at 2.)

　　　Generally, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). But municipalities "can be sued directly under § 1983." *Id.* at 690. There are "three ways" for a "section 1983 plaintiff [to] establish municipal liability": (1) by "prov[ing] that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or longstanding practice or custom [that] constitutes the standard operating procedure of the local governmental entity"; (2) by "establish[ing] that the

1

individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy"; or (3) by "prov[ing] that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (cleaned up).

Braswell's complaint does not state a claim under any of those theories. She claims that a "white female tenant" "falsely accused Plaintiff of harassment, leading to Plaintiff's wrongful arrest" with "no probable cause." (ECF 1, at 2.) She further alleges that "officers" later engaged in "racial discrimination" when they "refused to arrest [her] accuser for filing a false police report" during a separate incident. (*Id.*) But Braswell specifies no "governmental policy or longstanding practice or custom" that underlies the alleged constitutional violation. *See Gillette*, 979 F.2d at 1346–47. Nor does the complaint name a "city employee" that "committed the alleged constitutional violation," nor any "official with final policy-making authority." *See id.* So her federal claims fail.

Because Braswell's federal claims do not survive screening, this Court "may decline to exercise supplemental jurisdiction" over the remaining state-law claims. *See* 28 U.S.C. § 1367(c). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). So, unless and until plaintiff states a federal claim, the Court will decline to exercise supplemental jurisdiction over her state-law claims.

Braswell's IFP request is **GRANTED**, but her complaint is **DISMISSED** without prejudice and with leave to amend. Any amended complaint is due by September 15, 2025.

Dated:  August 4, 2025

_____
Hon. Andrew G. Schopler
United States District Judge