UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Erica BRASWELL,

Plaintiff,

v.

CITY OF SAN DIEGO, et al.,

Defendants.

Case No.: 25-cv-0323-AGS-GC

**ORDER STRIKING SUMMONS (ECF 5 & 6), DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT (ECF 11), DISMISSING IN PART PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF 7), DENYING PLAINTIFF'S MOTION FOR SERVICE OF SUMMONS (ECF 8), AND DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF RECORDS (ECF 9)**

This Court must untangle this case's somewhat snarled procedural history. The initial twist is that, after unrepresented plaintiff Erica Braswell submitted an amended complaint, a summons was improperly issued and returned before this Court could conduct the required screening of that complaint. (*See* ECF 5, 6); 28 U.S.C. § 1915(e)(2)(B). More twists: Braswell then filed a *second* amended complaint and two additional motions (*see* ECF 7–9), while the defense moved to dismiss the *first* amended complaint (*see* ECF 11).

## DISCUSSION

### A. Summons and Amended Complaints

First, the Court strikes from the record the improperly issued summons (*see* ECF 5; ECF 6.) Next issue: Which amended complaint—the first or second—is the operative pleading? Typically, a "party may amend its pleading once as a matter of course no later than 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). This Court explicitly authorized the filing of the first amended complaint. (*See* ECF 3, at 2.) As to the second amended complaint, however, the defense never consented (*see* ECF 17, at 2), and Braswell never sought this Court's leave to amend again.

Normally, these deficiencies would doom that later amended pleading, but the Court will allow this latest amendment. Courts "should freely give leave [to amend complaints] when justice so requires." Fed. R. Civ. P. 15(a)(2). Braswell is proceeding without an attorney; she filed the second amended complaint the day after the now-stricken summons was executed on her first amended complaint; and the defense responded to the first amended complaint weeks after the filing of both amended complaints. (*See* ECF 4; ECF 7; ECF 11.) In addition to those equities, the defense has suffered little prejudice, as many of its arguments for dismissal apply equally to both amended documents. The Court therefore grants leave to file the second amended complaint, which supersedes the first amended complaint. Thus, the defense's motion to dismiss the now-defunct first amended complaint is denied as moot.

**B. Screening**

Finally, the Court must screen the operative pleading: the second amended complaint. Dismissal is required if, among other things, the indigent plaintiff's complaint "fails to state a claim." 28 U.S.C. § 1915(e)(2)(B). Braswell alleges that the City of San Diego, the San Diego Police Department, and various law-enforcement officials infringed her civil rights in violation of 42 U.S.C. § 1983. (*See* ECF 7, at 1.) Specifically, she claims that defendants engaged in "unlawful arrest, false imprisonment, child endangerment, and racially discriminatory treatment." (*Id.*)

**1. *Unlawful Arrest and False Imprisonment***

The unlawful-arrest and false-imprisonment claims rise and fall together: "Under California law, the torts of false arrest and false imprisonment are not separate torts." *Watts v. Cnty. of Sacramento*, 256 F.3d 886, 891 (9th Cir. 2001). The key issue is probable cause. "Absent probable cause, a warrantless arrest is illegal." *United States v. Ortiz-Hernandez*, 427 F.3d 567, 573 (9th Cir. 2005). "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime." *Id.* (cleaned up).

According to Braswell, "SDPD officers entered Plaintiff's home at night without

probable cause, handcuffed her immediately, and refused to explain the charges—telling her only that she had 'violated a court order.'" (ECF 7, at 1.) This "arrest was based solely on the uncorroborated word of a white accuser . . . whose prior false reports were well-documented." (*Id.* at 2.) A "prudent person" would not have concluded that Braswell "committed a crime" based only on this uncorroborated call. *See Ortiz-Hernandez* 427 F.3d at 573. An "anonymous tip" alone generally will not support probable cause unless "significant details of the tip [are] corroborated," *Hopkins v. City of Sierra Vista*, 931 F.2d 524, 528 (9th Cir. 1991), and a "known liar"—like the tip's source here—"is less worthy of belief than an individual about whom nothing is known," *United States v. Hall*, 113 F.3d 157, 159 (9th Cir. 1997).

Against this legal backdrop, and at this stage of the proceedings, Braswell sufficiently alleges that the officers lacked probable cause and thus committed an unlawful arrest and false imprisonment. According to the second amended complaint, interpreted in the light most favorable to this unrepresented plaintiff, the officers falsely told Braswell that she had "violated a court order," when in fact they arrested her—without probable cause and without a warrant—solely on the uncorroborated word of a known liar. These allegations clear the "low threshold for proceeding past the screening stage." *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

**2. *Child Endangerment***

Braswell's "child endangerment" claim is more problematic. The allegations—that defendants left her daughter "alone and unprotected overnight" when arresting Braswell (*see* ECF 7, at 1)—are chilling. Yet Braswell has identified no legal basis for a child-endangerment cause of action under California law, and this Court has found none. Child endangerment is a crime, *see* Cal. Pen. Code 273a, but "criminal provisions" "provide no basis for civil liability," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). And it is not immediately evident what other valid cause of action plaintiff might have meant to bring. So, the child-endangerment claim must be dismissed, but the Court grants leave to amend to better clarify the allegations or the cause of action.

### 3. *Racially Discriminatory Treatment*

Finally, Braswell brings an equal-protection cause of action for "racially discriminatory treatment." (ECF 7, at 1.) To prevail on such a claim, she must show that (1) the defendants' "enforcement had a discriminatory effect" and (2) "the police were motivated by a discriminatory purpose." *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007).

Braswell sufficiently pleads a "discriminatory effect," which merely requires allegations "that similarly situated individuals were not prosecuted." *Id.* at 1153 (cleaned up). Based solely on the word of an unreliable "white accuser," defendants allegedly arrested Braswell, who is "a Black mother." (ECF 7, at 1–2.) Yet when the racial roles were reversed—and Braswell leveled well-founded charges against that same "white accuser"—defendants "refused" to "press charges." (*Id.*)

Her case falters on the next step, however. "To show discriminatory purpose," Braswell "must establish that "the decision-maker selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Id.* (cleaned up). She offers no allegations from which the Court could infer such an improper purpose. The racial-discrimination claim is thus dismissed, but with leave to amend.

## C. Other Motions

Braswell also moved for service of summons and production of records. (ECF 8; ECF 9.) Because the Court is granting leave to amend some of her claims, the summons request is denied. If she amends or otherwise proceeds with a surviving claim, then the Court will direct the Clerk to issue the appropriate summons package.

As to the records-production motion, that request is essentially a discovery motion—which is premature at this stage. Braswell sets forth no basis for diverging from the usual course of action, which provides for a discovery period only after the pleading stage.

## CONCLUSION

The Court thus rules as follows:

1. The prematurely issued summons is **STRICKEN**.
2. Braswell's second amended complaint controls, so the motion to dismiss her first amended complaint is **DENIED** as moot.
3. Braswell's claims for child endangerment and racially discriminatory treatment are **DISMISSED** with leave to amend. Any amended complaint is due **October 9, 2026**. The amended complaint must be complete by itself without reference to any prior complaint. Defendants not named and any claim not re-alleged in an amended complaint will be considered waived. Because the amended complaint would be Braswell's third amended complaint, any claims made in that complaint that do not survive screening will likely be dismissed without leave to amend.
4. If she does not amend her complaint by that date, the Clerk must issue a summons package for the surviving claim.

Dated: September 3, 2026

Hon. Andrew G. Schopler
United States District Judge